■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT SPIELMAN, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated August 24, 1967, affirmed, without costs. (*People ex rel. McBride* v. *Fay,* 19 A D 2d 712, affd. 14 N Y 2d 843; *People ex rel. Shapiro* v. *La Vallee,* 18 A D 2d 950; *People* v. *Page,* 12 A D 2d 984.) Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ RICHARD RIEHS, Appellant, v. ALLSTATE INSURANCE COMPANY et al., Respondents.— In an action for a declaratory judgment as to plaintiff's rights under an automobile liability insurance policy which was issued to him by defendant Allstate Insurance Company, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered June 27, 1968 after a nonjury trial, which declares (1) that Antonio Rocco, defendant Mary Rocco's intestate, was plaintiff's employee and (2) that defendant Allstate Insurance Company is not obligated under the insurance policy to defend an action commenced against plaintiff by the decedent's estate of Antonio Rocco. Judgment reversed, on the law and the facts, with costs to plaintiff against defendant Allstate Insurance Company, and judgment granted to plaintiff declaring that defendant Allstate Insurance Company is obligated to plaintiff, pursuant to the terms of the insurance policy issued to him, to defend him in the action commenced against him and defendants Gibbs by the decedent's estate of Antonio Rocco and to pay any judgment rendered against him in said action, to the extent of the monetary limit of the policy. Defendant Allstate Insurance Company relies on an exclusionary clause in the insurance policy as an affirmative defense. The clause excludes coverage for injuries to employees of the insured arising out of and in the course of employment. In our view no employer-employee relationship existed at the time of the accident. There being no other issue, declaratory judgment should have been granted to plaintiff as herein provided. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.